UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────

№ 09-CV-3586 (JFB)(ARL)

─────────────────

Henry Richardson,

Plaintiff,

versus

Suffolk Bus Corp.,

Defendant.

─────────────────

**MEMORANDUM AND ORDER**
June 22, 2010

─────────────────

Joseph F. Bianco, District Judge:

On August 19, 2009, plaintiff Henry Richardson (hereinafter "plaintiff" or "Richardson") brought this action against defendant Suffolk Bus Corporation (hereinafter "Suffolk Bus"), under Title VII, seeking compensatory relief for alleged discriminatory actions of the defendant. Specifically, plaintiff alleges that he was subjected to disparate treatment and a hostile work environment while employed by Suffolk Bus.

Presently before the Court is defendant's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the motion for judgment on the pleadings in its entirety. Specifically, the entire lawsuit must be dismissed as untimely because the Equal Employment Opportunity Commission (hereinafter "EEOC") charge was not filed within 300 days of the latest alleged discriminatory act, and there is no basis for equitable tolling. Moreover, even assuming *arguendo* that the EEOC charge were timely, the non-hostile work environment claims were not contained in the EEOC charge and, thus, were not properly exhausted. Finally, in the alternative, even if the hostile work environment claim were timely, it must be dismissed for failure to state a claim because it is based upon one incident that, as a matter of law, cannot (as alleged) state a plausible hostile work environment claim.

## I. BACKGROUND

### A. Facts

The following facts are taken from the complaint ("Compl."). These facts are not findings of fact by the Court but rather are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party.

Plaintiff brought the instant complaint alleging that he was subjected to discriminatory actions by defendant, and seeking recovery of lost pay, back pay, and front pay as a result thereof. (*See* Compl. ¶ 1.) Plaintiff is a black man who is over fifty years of age. (*Id.* ¶ 3.) Defendant Suffolk Bus Corp. is a domestic corporation located in Bay Shore, New York, that is incorporated under the laws of the State of New York. (*Id.* ¶ 4.) Plaintiff was employed by defendant as a School Bus Driver and then as a Para Transit Driver in defendant's Transit Division, from May 14, 1990 until June 25, 2006. (*Id.* ¶ 10; *see also* Compl. Ex. B ¶ 2.)

Plaintiff's claims revolve around one main event—hereinafter referred to as the "phlegm incident"—involving his supervisor, Patrick Riley. (Compl. ¶ 6.) According to plaintiff's verified complaint that was filed with the New York State Division of Human Rights (hereinafter "NYS DHR"),[1] which is attached to his complaint in this action, plaintiff alleged that, on June 24, 2005, he returned to the bus depot and asked Pat Riley (hereinafter "Riley"), his Acting Supervisor, which route plaintiff would be covering the next day. (Compl. Ex. B. ¶ 3.) Plaintiff was informed by Riley that he would be covering route 235. (*Id.*) The NYS DHR complaint alleges that, on June 25, 2005, plaintiff came into work to get his pouch with his manifest, but when he reached into the pouch, the paper in the pouch was covered by cough phlegm. (*Id.* ¶ 4.) Plaintiff showed this to one of his supervisors and his Department Director. (*Id.*) According to the NYS DHR complaint, on July 19, 2005, Michael Riorden, Department Manager, told plaintiff that an investigation could not be conducted because Riley was in Florida; plaintiff contends that he had seen Riley at the depot on July 16, 2005. (*Id.* ¶ 5.) On August 8, 2005, Riley returned to work and, according to plaintiff's NYS DHR complaint, was given a promotion because Riley had complained that he did not want to work for John Harley, a black supervisor. (*Id.* ¶ 6.)

Plaintiff also alleges that defendant discriminated against plaintiff in payment of his salary, as well as benefits for vacation, holidays, and sick leave. (Compl. ¶ 6.) Plaintiff further alleges that he was denied a step increase when he transferred from the Suffolk Bus Corp.'s School Division to its Transit Division. (*Id.* ¶ 7.) According to the complaint, this transfer should have entitled him to a salary increase of $5 per hour. (*Id.* ¶ 8.) Plaintiff also alleges that he was denied the same vacation time, paid holidays, and sick days afforded to white employees. (*Id.* ¶ 9.) The complaint further asserts that defendant would make special arrangements to accommodate non-black employees but would not provide similar accommodations to black employees. (*Id.* ¶ 12.)

Plaintiff alleges that on June 25, 2006, he was compelled to leave his employment with defendant due to serious health issues

---

[1] The complaint that plaintiff filed with NYS DHR was dually filed by plaintiff with the EEOC, and thus the Court uses the terms "EEOC charge" and "NYS DHR complaint" interchangeably to refer to this document.

2

involving a heart attack and heart transplant. (*Id.* ¶ 10.) Plaintiff contends that this disability impaired his ability to pursue his claims in a timely manner relating to the discrimination allegations in the complaint. (*Id.* ¶ 11.)

Plaintiff filed a verified complaint with the NYS DHR on August 1, 2006. (*Id.* ¶ 5; *see also* Compl. Ex. B.) By Determination Order After Investigation, the NYS DHR determined that there was no probable cause to believe that the defendant had engaged in, or was engaging in, the unlawful discriminatory practice complained of. (*See* Def.'s Reply Ex. A.) Plaintiff also filed a verified complaint against the Transport Workers Union, AFL-CIO, Local 252, with the NYS DHR, alleging claims arising out of the same phlegm incident. (*Id.* ¶ 11; Pl.'s Opp. Ex. B.) By "Determination After Investigation," the NYS DHR issued a finding of probable cause against the Transport Workers Union. (*See* Compl. Ex. C.) Plaintiff pursued his claims against the Transport Workers Union in a separate case in state court, which was dismissed on May 11, 2010, based on the three-year statute of limitations applicable to plaintiff's claim. *Richardson v. Transport Workers Union, AFL-CIO Local 252*, No. 32931/2009 (N.Y. Sup. Ct. May 11, 2010) (slip opinion). Plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon race and national origin. (Compl. ¶ 2.) The EEOC issued a right to sue letter on May 20, 2009. (*Id.*)

B. Procedural History

Plaintiff filed the complaint in this action on August 19, 2009. On January 21, 2010, defendant filed a letter requesting a pre-motion conference in anticipation of filing a motion for judgment on the pleadings in the action. A pre-motion conference for the anticipated motion was held on February 8, 2010. On March 3, 2010, defendant filed its motion to dismiss. Plaintiff filed opposition papers on April 12, 2010. On April 26, 2010, defendant submitted its reply. Oral argument was heard on June 17, 2010. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Nicholas v. Goord*, 430 F.3d 652, 657 n.8 (2d Cir. 2005). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach

3

for courts deciding a motion to dismiss. --- U.S. ----, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom.* *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859, 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

Specific to the instant case, since the EEOC right-to-sue letter is attached to the complaint, it is properly considered on this motion. *See Cohn v. KeySpan Corp.*, No. 09 CV 2477(SJF)(AKT), 2010 WL 1993886, at *9 (E.D.N.Y. May 13, 2010) (citing *Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001)). Moreover, since the EEOC charge is a public document filed in an administrative proceeding, and is integral to plaintiff's claims, the charge, together with the documents accompanying the charge filed in the EEOC proceeding, is also properly considered on this motion. *See id.* (citing *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010)).[2]

---

[2] The Court notes that plaintiff has submitted significant documentation regarding his NYS DHR complaint against Transport Workers Union, AFL-CIO, Local 252, SDHR Case No. 10113068-06-E-R. To the extent that such documentation is being submitted on the issue of equitable tolling, the Court concludes that these documents with respect to the Union do not provide any basis for equitable tolling for the reasons discussed *infra*.

4

## III. DISCUSSION

### A. Timeliness of EEOC Charge

Defendant claims that plaintiff's action is untimely because a charge that an employer violated Title VII must be filed with the U.S. Equal Employment Opportunity Commission within 300 days of the occurrence of the alleged act of discrimination. Here, defendant argues that plaintiff's claims arise from allegations of discriminatory acts that allegedly occurred in June 2005, but plaintiff did not file a charge with the EEOC until August 1, 2006. Plaintiff argues that equitable tolling applies and prevents his claim from being barred.[3] As set forth below, the Court concludes that plaintiff's EEOC charge was filed outside the appropriate time period and that equitable tolling is not warranted in this case. Thus, the claim must be dismissed as untimely.

Before initiating a Title VII suit, a plaintiff must first file a timely EEOC charge. *Lewis v. City of Chi., Ill.*, No. 08-974, 2010 WL 2025206, at *4 (S. Ct. May 24, 2010); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (holding that, under Title VII, a claimant may bring suit in federal court "only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter" (citations omitted)). If the complainant has instituted state or local proceedings with an agency that is empowered "to grant or seek relief from [a discriminatory employment] practice or to institute criminal proceedings with respect thereto," the complainant has 300 days from the occurrence of an adverse employment action to file charges with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *see also Martin v. State Univ. of N.Y.*, No. CV 06-2049(WDW), 2010 WL 1257782, at *11 (E.D.N.Y. Mar. 26, 2010) ("Under Title VII, a New York plaintiff must file an EEOC charge within 300 days of the discriminatory conduct."). "[A] failure to timely file a charge acts as a bar to a plaintiff's action." *Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*, No. 00-CV-6307 (KMK), 2007 U.S. Dist. LEXIS 6534, at *20 (S.D.N.Y. Jan. 29, 2007) (citing *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004)); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 214 (2d Cir. 2006). With respect to these timing requirements, the time begins to run for each discrete discriminatory act when the act occurs. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002).

Here, plaintiff's claims arise primarily from a discriminatory action that occurred on June 25, 2005. Plaintiff's charge to the EEOC states that the date the most recent or continuing discrimination took place was August 8, 2005.[4] Plaintiff did not file a charge with the EEOC until August 1, 2006—358 days after the last alleged discriminatory act. Thus, plaintiff's charge was untimely filed with the EEOC.

Plaintiff contends, however, that equitable tolling is warranted in his case. Specifically, he contends that he is entitled to equitable

---

[3] As confirmed at oral argument with plaintiff's counsel, plaintiff concedes that the lawsuit is untimely and relies upon equitable tolling.

[4] The Court notes that the EEOC charge does not refer to any discriminatory event occurring after August 8, 2005. Thus, for the purposes of this motion, the Court assumes that the most recent discriminatory action occurred on August 8, 2005. The Court confirmed with plaintiff's counsel at oral argument that the operative date for timeliness issues was August 8, 2005.

tolling because he had a "severe illness"; plaintiff asserts that his employment with defendant terminated on June 25, 2006, when he fell ill, and that he has remained very ill since that date. Plaintiff also alleges that he was without counsel during his illness, which further warrants equitable tolling.

"When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period [he] seeks to have tolled,' and (2) has 'proved that the circumstances are so extraordinary that the doctrine should apply.'" *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect" (citation and quotation marks omitted)). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184-85 (2d Cir. 2000); *see also Smith v. Chase Manhattan Bank*, No. 97 CIV. 4507 (LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Plaintiff argues that his employment with defendant terminated on June 25, 2006, and he fell ill on June 26, 2006. (*See* Krieg Affirm. ¶ 18 ("Moreover, the plaintiff was under severe and grave medical disabilities from June 26, 2006 and is currently under similar disabilities from that time through to the present and likely to continue for the next three or four years.").) "Equitable tolling is generally considered appropriate . . . where a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely fashion." *Zerilli-Edelglass*, 333 F.3d at 80. However, in the instant case, plaintiff does not explain how his medical condition affected his ability to file an EEOC charge prior to June 25, 2006, because his 300-day period had already run at the time the alleged illness began. Specifically, plaintiff does not allege that his illness occurred during the 300-day period to file an EEOC charge, which would have expired on June 4, 2006. Even assuming that tolling was available beginning on the day that plaintiff became ill, June 25, 2006 was 321 days after the alleged latest date of discrimination acknowledged in plaintiff's EEOC charge—August 8, 2005. Accordingly, this Court has no basis upon which to conclude that plaintiff's medical condition prevented him from proceeding during the 300-day period within which to file an EEOC charge. *See Popa v. PricewaterhouseCoopers LLP*, No. 08 Civ. 8138 (LTS)(KNF), 2009 WL 2524625, at *5 (S.D.N.Y. Aug. 14, 2009) ("[Plaintiff] argues only that the reason she was slow to respond to the January 2009 motion to dismiss was because of matters beyond her control and a disabling condition. [A]lthough Plaintiff alleges that she has had a disabling condition throughout the case, she does not specify how any alleged medical condition prevented her from meeting the filing deadlines."); *see also Boos*, 201 F.3d at 185 (finding that plaintiff's vague and conclusory claims of mental illness "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient

to justify any further inquiry into tolling"); *Gannon v. Continuum Health Partners, Inc.*, No. 06 Civ. 5133, 2007 WL 2040579, at *5 (S.D.N.Y. July 12, 2007) ("[C]ounsel has not indicated how plaintiff's depression adversely affects her capacity to function. Plaintiff has[,] therefore, failed to establish[] that equitable [t]olling is warranted because of her mental illness."). In the case relied upon by plaintiff, *Zheng v. Wong*, No. 07-CV-4768 (FB)(JO), 2009 WL 2601313 (E.D.N.Y. Aug. 24, 2009), the plaintiff averred "that *during the entire 300-day period*, [the complainant] was severely ill with the cancer that eventually took his life." *Id.* at *3 (emphasis added). The court in *Zheng* ultimately found that the plaintiff's allegations of illness warranted equitable tolling because the plaintiff's "serious, and ultimately terminal, condition tolled the 300-day period at least long enough to excuse the one-month delay in filing his administrative complaint." *Id.* Thus, the *Zheng* case is distinguishable from the instant case because, here, the 300-day period had already run when the illness began. Thus, the illness does not provide a basis for equitable tolling.

Furthermore, the Court notes that the absence of the assistance of counsel does not warrant equitably tolling the 300-day deadline. *See, e.g., Gager v. Principi*, 300 F. App'x 30, 30 (2d Cir. 2008) (concluding that *pro se* plaintiff's claims that she "lost track of time and dates due to deaths in her family and her father's illness," did not warrant equitable tolling); *Sica v. Fashion Inst. of Tech.*, No. 83 Civ. 8540 (WCC), 1985 WL 150, at *3 (S.D.N.Y. Mar. 20, 1985) (finding equitable tolling unwarranted when "plaintiff has argued, but has provided the Court with no persuasive authority, that the 300-day period should be equitably tolled because she was unrepresented by counsel for a substantial portion of that time," and noting that "[t]he Second Circuit has indicated that tolling of Title VII time limits should be very restricted"). The Court further notes that the purported lack of counsel to which plaintiff's opposition appears to refer occurred well after plaintiff had filed his EEOC charge. (*See* Krieg Affirm. ¶ 16 (citing Pl.'s Opp. Ex. D).)[5]

---

[5] At oral argument, in an effort to demonstrate equitable tolling, plaintiff's counsel argued that plaintiff relied on alleged representations made by the Transport Workers Union that they would provide representation for plaintiff with respect to the alleged discriminatory incident(s). As a threshold matter, this issue was not raised in plaintiff's papers, and there is no factual support in plaintiff's submissions for any such argument. In any event, there is no legal support for the argument that false representations by any one other than defendant will result in equitable tolling. "[E]quitable tolling is generally considered appropriate[, for example when there has been] misleading conduct [by] the defendant." *Zerilli-Edelglass*, 333 F.3d at 80 (internal citations and quotations omitted). Plaintiff has not put forth any evidence that Suffolk Bus (or even his union) actively misled him about applicable EEOC filing deadlines. *See Francis v. Blaikie Group*, 372 F. Supp. 2d 741, 748 (S.D.N.Y. 2002) (tolling only appropriate if the employer actively misled employee into thinking that there was no 300-day deadline in which to file his claim with the EEOC (quoting *Miller v. Int'l Tel. & Telegraph Corp.*, 755 F.2d 20, 24 (2d Cir. 1985))); *Taylor v. Ohio Dep't of Rehab. and Correction, Trumbull County*, No. 401-CV-1620, 2001 WL 1915015, at *2 (N.D. Ohio Oct. 9, 2001) (holding that actively pursuing a grievance under a collective bargaining agreement does not toll Title VII statute of limitations). In addition, plaintiff has failed to demonstrate that he "acted with reasonable diligence during the time period [he] seeks to have tolled," or "proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81 (internal quotation omitted). Therefore, this Court declines

In this case, the Court finds that plaintiff has not shown that there is any basis for equitable tolling (or waiver or estoppel) in connection with his failure to comply with the requisite time frame. This case does not fall within one of the paradigmatic situations found to constitute an "extraordinary" circumstance, such as where an individual reasonably relies on erroneous information given to him by an administrative agency regarding a Title VII time limit. *See, e.g., Carlyle Towers Condo. Ass'n v. FDIC*, 170 F.3d 301, 310 (2d Cir. 1999). Accordingly, the Court grants defendant's motion for judgment on the pleadings based on the bar that applies when EEOC charges are filed more than 300 days after the alleged discriminatory actions.

* * *

Although plaintiff's failure to timely file an EEOC charge is dispositive of defendant's motion for judgment on the pleadings, out of an abundance of caution, the Court proceeds to examine the alternative grounds upon which defendant seeks judgment on the pleadings and concludes that judgment on the pleadings for defendant is warranted on those additional grounds as well.

### B. Failure to Exhaust Administrative Remedies

Defendant also claims that plaintiff's claims regarding alleged unlawful discrimination as regards plaintiff's salary, overtime, vacation, holidays, and sick leave must be dismissed because plaintiff failed to exhaust his administrative remedies regarding these claims. Specifically, defendant argues

to equitably toll the statute of limitations.

that plaintiff never raised these claims in an administrative charge filed with the EEOC, and therefore cannot pursue these claims now because they are unexhausted. As set forth below, the Court agrees.

Generally, to bring a Title VII discrimination claim in federal district court, a plaintiff must first exhaust her administrative remedies by "filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)).[6] However, "'claims that were not asserted before the EEOC [or an appropriate State or local agency] may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency.'" *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam)). "Reasonably related conduct is that 'which would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" *Id.* (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 358 (2d Cir. 2001)).[7] In

---

[6] As discussed above, plaintiff's EEOC charge was untimely. However, for the purposes of this section, the Court assumes that plaintiff timely filed the charge with the EEOC.

[7] Two other kinds of claims may be considered "reasonably related": those alleging "retaliation by an employer against an employee for filing an EEOC charge," and those alleging "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts*, 990 F.2d at 1402-03. Neither is at issue in this case, because plaintiff did not file his EEOC charge until after his employment with the

8

determining whether a claim is "reasonably related" to the EEOC charge, "'the focus should be on the factual allegations made in the [EEOC] charge itself...'" and on whether those allegations "gave the [EEOC] 'adequate notice to investigate'" the claims asserted in court. *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quoting *Deravin v. Kerik*, 335 F.3d 195, 201-02 (2d Cir. 2003)).

Plaintiff's EEOC charge states, "I am Black. Because of this, I have been subject to unlawful discriminatory actions." (Compl. Ex. B. ¶ 1.) Aside from this general statement, the allegations in plaintiff's EEOC charge refer exclusively to the phlegm incident. The EEOC charge only details the events of June 24 and 25, 2005, when plaintiff reached into the pouch with his manifest and removed paper that was covered by cough phlegm, and the ensuing investigation regarding this one event. In determining whether claims are reasonably related in this way, the Second Circuit has instructed district courts to focus on "the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (quotation omitted). The additional allegations that plaintiff seeks to pursue are wholly unrelated to the phlegm incident. In particular, plaintiff claims that he was subjected to discrimination in the payment and calculation of his salary, overtime, vacation, holidays, and sick leave.

As set forth below, the Court concludes that plaintiff's additional allegations in the instant complaint regarding alleged disparate treatment are not reasonably related to the claims in the EEOC charge for plaintiff's hostile work environment claim based on the phlegm incident.

As discussed above, plaintiff's additional allegations will be deemed reasonably related to the allegations in his EEOC charge if that conduct "'would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" *Jute*, 420 F.3d at 177 (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 358 (2d Cir. 2001)). The Court concludes that plaintiff's disparate treatment claim is unrelated to the claim in his EEOC charge regarding a hostile work environment. Plaintiff does not allege that this discrimination was the result of or related in any way to the phlegm incident. Nor does plaintiff allege that the additional discrimination involved the conduct of the same individual, Pat Riley. There are no allegations of discrimination other than one isolated event. The Court further notes that any additional claims that plaintiff alleges would relate to actions by defendant that allegedly occurred prior to the date on which plaintiff filed the EEOC charge, since plaintiff's employment with Suffolk Bus terminated on June 25, 2006, but the EEOC charge was not filed until August 1, 2006. Thus, plaintiff had the opportunity to raise these additional claims in his original EEOC charge. Accordingly, the Court determines that plaintiff's additional claims are not reasonably related to the hostile work environment allegation contained in his EEOC charge. *See, e.g., Mattias v. Ready Workers Mgmt. Corp.*, 08-CV-7245, 2009 U.S. Dist. LEXIS 85677, at *4 n.2 (S.D.N.Y. Sept. 22, 2009) (concluding where allegations in plaintiff's EEOC charge related only to failure to accommodate and termination, his additional claims for failure to promote,

---

Company had terminated, and plaintiff does not allege any incidents of discrimination that resemble the phlegm incident.

9

unequal terms and conditions of employment, and retaliation were dismissed as unexhausted).

Given the specificity with which plaintiff pled the allegations surrounding the single phlegm incident in his EEOC charge, "a reasonable investigation [by the EEOC] would not have proceeded any further." *Choi v. Chem. Bank*, 939 F. Supp. 304, 311, 312 & n.10 (S.D.N.Y. 1996) ("One district court has held that a claim of ongoing discrimination is not 'reasonably related' to the EEOC charge, where the charge alleged a single incident of non-promotion. *Goodwin-Kuntu v. Hoechst-Roussel Pharms., Inc.*, 157 F.R.D. 445, 447 (N.D. Ill. 1994) (reasoning that to allow someone to so greatly expand their discrimination claim would undermine the purpose for the condition precedent of the EEOC charge). The Court agrees with the reasoning of the *Goodwin* court, but will proceed to apply the full 'reasonably related' analysis used in the Second Circuit."); *cf. Milne v. Navigant Consulting*, No. 08 Civ. 8964 (NRB), 2009 WL 4437412, at *5 (S.D.N.Y. Nov. 30, 2009) ("However, the gap in time between the only specific incidents alleged (occurring in December 2006 and January 2007) and the filing of the EEOC Charge in June 2008, lead us to conclude that these allegations would not fall within the scope of any EEOC investigation that could reasonably be expected to grow out of the original charge. This is especially true given that the original charge was based on one incident perpetrated by an employee who had left the company by the time of filing. Therefore plaintiff's additional harassment claims are not 'reasonably related' to the exhausted claim and will not be considered, except in our determination of whether Navigant was a hostile work environment.").

Finally, to the extent plaintiff's EEOC charge generally alleges discrimination, based on plaintiff's statement that "I am Black. Because of this, I have been subject to unlawful discriminatory actions," the EEOC cannot be expected to investigate mere generalizations of misconduct and nor can defendants adequately respond to them. *See Butts*, 990 F.2d at 1403. Plaintiff's EEOC charge does not even explicitly connect the cough phlegm incident or any lack of investigation by defendant to any other discriminatory conduct, nor does he provide any other specific acts of discrimination. Therefore, although plaintiff's EEOC charge adequately exhausted his hostile work environment claim based on the single phlegm incident, plaintiff's allegations that he was discriminated against in terms of payment of salary, overtime, vacation, holidays, and sick leave must be dismissed for his failure to administratively exhaust them.

C. Failure to State a Claim

Even assuming *arguendo* that plaintiff had filed the EEOC charge against Suffolk Bus during the 300-day period, defendant contends that plaintiff has failed to state a claim upon which relief can be granted because plaintiff's complaint contains insufficient allegations to support a Title VII disparate treatment claim or a hostile work environment claim based on the cough phlegm incident. As set forth below, the Court agrees.

Under Title VII, a hostile work environment is established by a plaintiff showing that his workplace was "permeated with 'discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.'" *Howley v. Town of Stratford*,

217 F.3d 141, 153 (2d Cir. 2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see also Terry v. Ashcroft*, 336 F.3d 128, 147 (2d Cir. 2003). "Isolated instances of harassment ordinarily do not rise to this level." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000).

The conduct in question must be "severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004). Other factors to consider include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Terry*, 336 F.3d at 148 (quotation marks omitted). The Second Circuit has noted, however, that "[w]hile the standard for establishing a hostile work environment is high, . . . [t]he environment need not be 'unendurable' or 'intolerable.'" *Id.* (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2d Cir. 2000)). Moreover, although a hostile work environment generally consists of "continuous and concerted" conduct, "a single act can create a hostile work environment if it in fact works a transformation of the plaintiff's workplace." *Feingold*, 366 F.3d at 150 (quotations marks and citations omitted).

A plaintiff seeking to establish a hostile work environment claim must demonstrate "(1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (internal quotations and citation omitted). The Court concludes that plaintiff has failed to sufficiently allege a claim of hostile work environment.

At core, the exhausted claims in plaintiff's complaint allege facts surrounding the phlegm incident and defendant's alleged lack of an investigation thereof. Thus, plaintiff's allegations relate to one particular allegedly discriminatory event. This one instance is insufficient to support a hostile work environment claim. Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness. *Id.* Here, plaintiff's alleged claim against Suffolk Bus does not rise to the requisite level of severity.

Plaintiff makes no allegations that the phlegm incident worked a "transformation" of his workplace. *See Feingold*, 366 F.3d at 150. The specific complaint that plaintiff makes against defendant, his employer, is that defendant failed to investigate his claim of discrimination surrounding the phlegm incident. However, an employer's failure to investigate, by its nature, does not alter the circumstances of a plaintiff's employment. Instead, it maintains the current circumstances of employment. *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 724 (2d Cir. 2010) ("Fincher argues that DTCC's failure to investigate her discrimination complaint, considered in light of 'the totality of the circumstances,' created a hostile work environment for her. But the failure to investigate did not by itself alter the terms and conditions of Fincher's employment; rather, it preserved the very circumstances that were the subject of the complaint. Therefore the failure to investigate Fincher's complaint could not itself have contributed to or constituted a hostile work environment.").

11

Indeed, although the Second Circuit has not ruled on the question, "in the analogous context of hostile work environment claims based on allegations of sexual harassment, '[federal] courts (including district courts in this circuit) appear to have uniformly rejected the notion that a failure adequately to remediate sexual harassment itself constitutes an act that may contribute to a hostile work environment claim.'" *Id.* (quoting *Chan v. N.Y. City Transit Auth.*, No. 03 Civ. 6239, 2004 WL 1812818, at *5 (E.D.N.Y. July 19, 2004)).

Plaintiff cites *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000) in support of his claim that "an employer will be liable in negligence for a racially . . . hostile work environment created by a victim's coworkers if the employer knows about (or reasonably should know about) that harassment but fails to take appropriately remedial action." *Id.* at 72-73 (citations omitted). The discussion of employer liability in *Whidbee* examines the appropriateness of an employer's response to a series of allegedly discriminatory actions. *Id.* at 72. However, that analysis presupposes that the plaintiff has already made sufficient allegations of a hostile work environment. Once a plaintiff has established that the alleged harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, he must demonstrate that a "specific basis exists for imputing the objectionable conduct to the employer." *Alfano*, 294 F.3d at 373. Here, plaintiff has not sufficiently alleged a factual basis to establish a plausible claim with respect to the first element of the test—namely, that defendant's actions were sufficiently severe or pervasive. Accordingly, the Court need not reach the second element regarding employer liability.[8]

---

[8] Even if plaintiff were attempting to argue that the failure to investigate the phlegm incident also could state an independent disparate treatment claim for discrimination, the Court disagrees. Any failure by defendant to investigate plaintiff's complaint about the phlegm incident would not constitute an adverse employment action sufficient to sustain a disparate treatment discrimination claim under Title VII. *See, e.g., Coffed v. Xerox Corp.*, No. 07-CV-6114 (CJS), 2009 WL 3019512, at *10-11 (W.D.N.Y. Sept. 15, 2009) (finding that an employer's failure to investigate a complaint of discrimination against another employee does not constitute an adverse employment action); *Fincher v. Depository Trust and Clearing Corp.*, No. 06 Civ. 9959(WHP), 2008 WL 4308126, at *5 (S.D.N.Y. 2008) ("The failure to investigate Fincher's complaint to Smith is not an adverse employment action." (citing *Haves v. Kerik*, 414 F. Supp. 2d 193, 203 (E.D.N.Y. 2006)); *Mody v. Gen. Elec. Co.*, No. Civ. A.3-04-CV-358 (JC), 2006 WL 1168051, at *7 (D. Conn. Apr. 26, 2006) ("Although evidence of McDonald's negative critique, micromanagement and scrutiny of Mody's conduct, and GE's failure to investigate Mody's claims may ultimately prove relevant to the intent element of the surviving retaliation claims, the court finds no error in its holding that they do not amount to additional adverse employment actions when considered under the Second Circuit standard above."). Plaintiff also does not allege that his employment was terminated as a result of his complaints regarding the phlegm incident; rather, plaintiff ended his employment in June 2005 due to his health problems. Thus, plaintiff has failed to allege any adverse employment action resulting from the alleged discrimination; thus, his disparate treatment claim must fail. *Argeropoulos v. Exide Techs.*, No. 08-CV-3760 (JS), 2009 WL 2132443, at *4 (E.D.N.Y. July 8, 2009) ("With respect to disparate treatment, Plaintiff's claim fails because Plaintiff does not plead that he suffered any adverse employment action, much less an adverse employment action that occurred due to Defendants' anti-Greek

In sum, the Court concludes that plaintiff's complaint fails to state a hostile work environment claim as a matter of law.

IV. CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is granted. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: June 22, 2010
Central Islip, New York

\* \* \*

The attorneys for plaintiff are Marc S. Krieg and Randi J. Krieg of Krieg Associates, P.C., 5 Heather Court, Dix Hills, NY 11746. Defendant Suffolk Bus Corp. is represented by Paul L. Dashefsky, 317 Middle Country Road, Smithtown, NY 11787.

---

animus."); *Pacheco v. N.Y. Presbyterian Hosp.*, 593 F. Supp. 2d 599, 616 (S.D.N.Y. 2009) ("Plaintiff's disparate treatment claim also fails because he has not established that he suffered an adverse employment action.").